UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAYMOND STEWART,

    Defendant.

Case No. 2:02-CR-617-KJD-RJJ

**ORDER**

Before the Court is Defendant Raymond Stewart's Motion for Early Termination of Supervised Release (#50). The Government opposed the Motion (#51) and Defendant replied (#52).

I. Background

Defendant is currently serving a term of supervised release in this case, expiring in November 2013. Defendant is also currently serving a term of supervised release in 92-CR-110, set to expire in November, 2015. The parties concede that the conditions of supervised release are the same in both cases.

In 1993, Defendant was convicted for Possession with Intent to Distribute Crack Cocaine. Defendant failed to conform to the conditions of probation, and so was sentenced to 180 months custody in a low custody work camp. In 2002, Defendant walked away from the camp, but was apprehended shortly thereafter and sentenced to 12 months and one day, running consecutive to

Defendant's remaining 180 month sentence. Defendant's supervised release commenced in November of 2010.

II. Analysis

The Court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making this determination, the Court is to consider the factors set forth in §§ 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. United States v. Smith, 219 F. App'x 666, 667 (9th Cir. 2007).

Considering the above factors, and Defendant's history of non-compliance, the Court is not satisfied that the conduct of the Defendant and the interest of justice warrant early termination. This conclusion is strengthened by the fact that denial of Defendant's Motion will impose no further costs upon him while maximizing deterrence.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Early Termination of Supervised Release (#50) is **DENIED**.

DATED this 30th day of August 2013.

Kent J. Dawson
United States District Judge